ESTATE OF DEWITT: VIEL, Appellant, vs. KETTENHOFEN, Trustee, Respondent.

*February 9—March 7, 1939.*

*John C. Fellenz* of Milwaukee, for the appellant.

For the respondent there was a brief by *Shannon & Cronin* of Oconomowoc, and oral argument by *T. T. Cronin.*

FRITZ, J.  On February 6, 1911, Edwin DeWitt died testate, survived by his wife, Sarah Jane, and three children named Alta Peterson, Della Skidmore, and Edith Minett. Prior to his death another daughter, Mabel Sprague, had died, survived by her children, Ralph and Marie Sprague. By his will, DeWitt devised his real property to his widow for her use during her lifetime with full power to convey and to use the income of the proceeds during her lifetime. The will provided that, upon the wife's death, the remainder of the proceeds should be equally divided between his children, and that the children or heirs of a deceased child should have the share of the parent.  In the proceedings administering the estate there was a final order assigning the real estate in accordance with the will.  In a petition for the appointment of a trustee, the widow, Sarah Jane DeWitt, alleged that she had sold the real estate for $11,000; that out of the proceeds she had paid $2,000 to each of her daughters, Alta, Della, and Edith; that her grandchildren, Ralph and Marie Sprague had not received any advancement; and that $5,000 remained in her hands.  On November 13, 1917, she was appointed trustee to hold the $5,000, and accounts filed by her as trustee for the years of 1920 to 1925 do not report the receipt of any interest on the advancements aggregating $6,000.  In 1926 Ralph Sprague and his sister, then known as Marie Viel, filed a petition to have Sarah Jane DeWitt removed as trustee, and the latter petitioned to have her daughters Alta, Della, and Edith required to repay with interest the $2,000 advanced to each of them.  Upon those petitions the court, on May 22, 1926, appointed J. F. Kettenhofen as trustee in place of Mrs. DeWitt, and directed the payment by the daughters Alta, Della, and Edith of the $2,000 advanced to

each of them, or the payment of interest thereon. Ketten-hofen filed accounts as trustee in the years 1929 to 1936, but did not report any interest on the advancements. Mrs. De-Witt died on November 15, 1936, and on March 4, 1938, Kettenhofen filed a final account and petition in which he stated that, as trustee, he had a balance of $5,285.89, and re-quested an order terminating the trust and distributing the assets. On April 12, 1938, the court entered an order ter-minating the trust and providing that the balance of the prin-cipal in the hands of the trustee, including interest which accrued since Mrs. DeWitt's death, be distributed in accord-ance with the terms of the will, to wit, one-quarter to each of the testator's children, Della, Alta, and Edith, and one eighth to each of his grandchildren, Ralph Sprague and Marie Viel; and providing further that in the distribution the daughters, Della, Alta, and Edith, should not be charged with interest on the $2,000 advanced to each of them.

In appealing from that order Marie Viel contends that the sum of $6,000 advanced by Mrs. DeWitt to three of her daughters was paid to them in violation of the will; that it was her duty to invest that amount in securities eligible un-der sec. 320.01, Stats., for trust-fund investments; that her failure to do so was a breach of the trust, and therefore the corpus of the trust is entitled to interest thereon; and that her unauthorized advancement thereof constituted a waiver or renunciation by her of the income thereon to which she was entitled during her lifetime. It is true that the advance-ments were not authorized by the will, and that the proceeds of $11,000 should have been invested by Mrs. DeWitt in se-curities eligible for trust-fund investments under sec. 320.01, Stats. However, during her lifetime she was entitled to have and use all interest and income on the entire sum of $11,000, and she was under no duty or obligation to anyone to collect or account for any of that interest or income during that

period, and her failure to require the payment of such interest resulted in the waiver or renunciation thereof during her lifetime. It was entirely within her rights to do that, and no injury or prejudice resulted therefrom to the rights of the appellant or any other remainderman.

However, upon Mrs. DeWitt's death on November 15, 1936, an equal division of the proceeds of the testator's real estate required that as of that date there be distributed first, $2,000 to Ralph Sprague and Marie Viel to be divided equally between them as their equivalent of the sum of $2,000 theretofore advanced by Mrs. DeWitt to each of three of her daughters; and that Ralph Sprague and Marie Viel shall be paid all interest which accrued on that sum of $1,000 from November 15, 1936, to the time of the distribution thereof to them. As each of the daughters, Della, Alta, and Edith, has had the use of $2,000 by reason of the advance of that sum to her, they are not entitled to share in the interest which accrued since November 15, 1936, on the $2,000 which are to be distributed to Ralph Sprague and Marie Viel, as stated above. In that respect the court erred in entering the order under review, and therefore the order must be modified so as to provide that first Ralph Sprague and Marie Viel shall each receive the sum of $1,000 with all interest which accrued thereon since November 15, 1936, as stated above; and that after the deduction thereof from the total amount of principal and interest in the trustee's hands, the balance, with the interest which accrued thereon since November 15, 1936, shall be distributed as follows: One fourth thereof to each of the following: Della Skidmore, Alta Peterson, and Edith Minett; and one eighth thereof to Ralph Sprague and Marie Viel, respectively.

*By the Court.*—Order modified as stated in the opinion, and affirmed as modified.